UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOHN J. WALSH, JR., *Regional Director, Region 01, National Labor Relations Board, for and on Behalf of the* NATIONAL LABOR RELATIONS BOARD, | * * * * * | |
| Plaintiff, | * * | Civil Action No. 17-cv-10721-ADB |
| v. | * * | |
| LIBERTY BAKERY KITCHEN, INC., | * * * | |
| Defendant. | | |

## **MEMORANDUM AND ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION**

BURROUGHS, D.J.

Plaintiff John Walsh, on behalf of the National Labor Relations Board, filed a complaint [ECF No. 1] and motion seeking a preliminary injunction [ECF No. 3] pursuant to Section 10(j) of the National Labor Relations Act (hereinafter "NLRA"), 29 U.S.C. § 160(j). The crux of the case is Walsh's allegation that Defendant Liberty Bakery Kitchen, Inc. unlawfully withdrew recognition from the drivers' union in violation of Sections 8(a)(1) and (5) of the National Labor Relations Act, 29 U.S.C. § 158. The Court held a hearing on the preliminary injunction motion on June 29, 2017. For the reasons set forth more fully in the hearing, the motion for a preliminary injunction is GRANTED in part.

In evaluating a 10(j) petition, the Court must consider two factors: "whether (1) the Board has shown reasonable cause to believe that the defendant has committed the unlawful labor practices alleged, and (2) whether injunctive relief is, in the language of the statute, 'just and proper.'" Pye ex rel. NLRB v. Sullivan Bros. Printers, 38 F.3d 58, 63 (1st Cir. 1994). "In assessing whether the Board has shown reasonable cause, the district court need only find that

the Board's position is 'fairly supported by the evidence.'" Id. (quoting Asseo v. Centro Medico Del Turabo, 900 F.2d 445, 450 (1st Cir. 1990)). To prove that injunctive relief is "just and proper," the district court must apply the traditional four-part test for preliminary relief. Id. Those factors are: "(1) A likelihood of success on the merits; (2) The potential for irreparable injury in the absence of relief; (3) That such injury outweighs any harm preliminary relief would inflict on the defendant; and (4) That preliminary relief is in the public interest." Id.

As an initial matter, the Court has determined that the Board has shown "reasonable cause" to believe that Defendant has committed unfair labor practices, because the allegation is "fairly supported by the evidence" adduced at the hearing before the Administrative Law Judge ("ALJ") on January 31 and February 2, 2017. [ECF Nos. 2, 33].

Next, the Court has determined that injunctive relief is "just and proper" by applying the four-factor preliminary injunction test.

First, Plaintiff is likely to succeed on the merits, most importantly because the ALJ issued a ruling in favor of the Board on May 25, 2017. [ECF No. 33]. In a thorough opinion, the ALJ determined that Defendant lacked objective evidence of an actual loss of majority support at the time it withdrew recognition from the union. [ECF No. 33 at 1]. The ALJ's decision does not necessarily reflect the Board's final administrative ruling, which itself may be appealed. Nevertheless, the ALJ opinion strongly supports Plaintiff's case and is a good indicator that he is likely to succeed.

Second, the potential for irreparable harm in the absence of relief favors Plaintiff, because even if the union enjoyed majority support at the time of the withdrawal of recognition, that support is likely to atrophy while the agency process is ongoing. In a similar case, the First Circuit recognized that "there was a very real danger that if [the employer] continued to withhold

2

recognition from the Union, employee support would erode to such an extent that the Union could no longer represent those employees. At that point, any final remedy which the Board could impose would be ineffective." Centro Medico, 900 F.2d at 454. "As time passes, the benefits of unionization are lost and the spark to organize is extinguished. The deprivation to employees from the delay in bargaining and the diminution of union support is immeasurable." NLRB v. Electro-Voice, Inc., 83 F.3d 1559, 1573 (7th Cir. 1996).

Third, the balance of the hardships favors Plaintiff, because in the absence of injunctive relief, Defendant would reap the benefit of having committed unfair labor practices while the union would be forced to wait for reinstatement, with its support waning in the interim. Furthermore, as some courts have noted, "when the [employer] is not compelled to do anything except bargain in good faith, the risk from a bargaining order is minimal." Small v. Avanti Health Sys., LLC, 661 F.3d 1180, 1196 (9th Cir. 2011) (internal quotation marks omitted). The employer is not required "to do anything that would cause it harm; it need do nothing more than follow the ordinary obligations of an employer under the law." Id. If the employer is ultimately successful, it would have suffered the "financial and administrative costs of good faith bargaining; these costs, however, are borne by both the union and the employer and are comparatively minor." Id.

Fourth, the public interest supports granting preliminary relief, because "the public has an interest in ensuring that the purposes of the [NLRA] be furthered." Asseo v. Pan Am. Grain Co., 805 F.2d 23, 28 (1st Cir. 1986).

Finally, as the Court noted during the motion hearing, although the interests of the union and the employer are represented in this case, no party speaks for the drivers. Plaintiff is likely to prove that Defendant violated the NLRA by mishandling the procedure for the withdrawal of

recognition, but the Court is mindful that the union may not in fact have enjoyed actual majority support at the time Defendant withdrew recognition. For that reason, the Court is hesitant to issue an open-ended injunction. Thus, the Court will issue a preliminary injunction for a period of one year, in the hope that either the agency process will be close to complete by that time, or that the parties will reach an agreement. The parties shall appear for a status conference on June 14, 2018 at 10:00 am, at which time the Court will determine whether to continue the injunction, to order an election, or to grant any other such relief as the parties may request.

Accordingly, Plaintiff's Motion for Preliminary Injunction [ECF No. 3] is <u>GRANTED</u> in part, as follows:

IT IS HEREBY ORDERED that, from June 29, 2017 until June 29, 2018, Defendant Liberty Bakery Kitchen, Inc. ("Defendant"), its officers, representatives, agents, servants, employees, attorneys, successors and assigns, and all persons acting in concert or participation with it or them, are enjoined and restrained from:

(a) Failing and refusing to recognize International Brotherhood of Teamsters, Local 653 (the Union), and to bargain collectively and in good faith with the Union as the exclusive collective bargaining representative of the following unit of employees (the Unit):

> All full-time and regular part-time drivers employed by Defendant at its 125 Liberty Street, Brockton, Massachusetts facility; but, excluding office clerical employees, all other employees, guards, and supervisors as defined in the Act.

(b) Failing and refusing to meet with the Union to negotiate an initial collective-bargaining agreement covering the Unit.

(c) Questioning employees about their union membership, activities, sympathies and/or support for the Union.

(d) Asking employees to sign any document that requires them to take a position with respect to, or otherwise indicate whether or not they support, the Union as their collective-bargaining representative.

(e) Granting wage increases to employees in an effort to influence their freedom of choice about whether or not to support the Union as their collective-bargaining representative.

(f) Granting wage increases to employees, or implementing any other change in their terms or conditions of employment, without first notifying the Union and, at the Union's request, bargaining over the proposed change.

(g) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed in Section 7 of the National Labor Relations Act.

(h) In any similar manner refusing to bargain collectively and in good faith with the Union as the exclusive collective-bargaining representative of the Unit.

IT IS FURTHER ORDERED that Defendant Liberty Bakery Kitchen, Inc. take the following affirmative actions:

(a) Recognize and, on request, bargain with the Union as the exclusive representative of the employees in the following appropriate unit concerning terms and conditions of employment and, if an understanding is reached, embody the understanding in a signed agreement:

> All full-time and regular part-time drivers employed by Defendant at its 125 Liberty Street, Brockton, Massachusetts facility; but, excluding office clerical employees, all other employees, guards, and supervisors as defined in the National Labor Relations Act.

(b) Within five days of the issuance of the this order, recognize and upon request, bargain collectively and in good faith with the Union as the exclusive collective-bargaining representative of the Unit.

(c) On the specific request of the Union, rescind the wage increase that went into effect on November 19, 2016. This Order shall not be interpreted to require the rescission of the wage increase absent the Union's request.

(d) Within 14 days of the issuance of this order, post copies of this order in conspicuous places in and about its facility, including all places where notices to employees are customarily posted, and maintain for 60 consecutive days from the date of posting, copies of the order.

(e) Within 14 days of the issuance of this order, notify the Union in writing that it recognizes the Union as the exclusive representative of the employees in the Unit, that it will continue bargaining with the Union concerning terms and conditions of employment of the Unit, and that if an agreement is reached, it will embody the understanding in a signed agreement.

(f) Within 21 days of the issuance of this order, file with the Court, along with a copy to the Regional Director of Region One, a sworn affidavit from a responsible official of the Employer setting forth with specificity the manner in which Defendant has complied with the terms of this order, including how and when it posted the documents required by this order.

**SO ORDERED.**

June 30, 2017

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE